AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED
September 16, 2020
David J. Bradley, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br>Angel Bruno Roldan Cervantes<br><br>*Defendant(s)* | Case No.<br>4:20-mj-1660 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 4, 2020__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 49 USC § 46306(b)(7); 18 USC § 1001(a)(3) | Serving or attempting to serve in any capacity as an airman without an airman's certificate authorizing the individual to serve in that capacity; and Making or using false writing or document. |

This criminal complaint is based on these facts:

See "Amended Affidavit" in support of criminal complaint.

☒ Continued on the attached sheet.

_____
Complainant's signature

Paul Mack, Special Agent
*Printed name and title*

Sworn to before me telephonically.

Date: September 16, 2020

City and state: Houston, Texas

_____
Peter Bray
United States Magistrate Judge

## AMENDED AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Paul S. Mack, being duly sworn, depose and state as follows:

I am a Special Agent of the United States Department of Commerce, Bureau of Industry and Security, Office of Export enforcement, within the meaning of Title 18, United States Code § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code § 2516. I am responsible for conducting and assisting in investigations into violations of U.S. export control laws. I have gained expertise in the conduct of investigations into violations of U.S. export control laws through training in seminars, classes, and daily work related to conducting these types of investigations. I have participated in numerous investigations, to include illicit exportation of duel use goods, smuggling, aircraft fraud, money laundering and conspiracy. During the course of which I have interviewed suspects and witnesses, conducted physical surveillance, executed court-authorized search and arrest warrants, obtaining and analyzing data from a variety of electronic communications providers and financial institutions and used other investigative techniques to secure relevant information regarding various crimes. My professional focus is in counter-proliferation cases to include aviation and highly sensitive U.S. Department of Commerce controlled commodities being illicitly exported from the U.S. to unauthorized end-users. I hold Masters Degrees from the University of California San Diego, Zhejiang University and the National Intelligence University. As a result of my training and experience, I am familiar with techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

Based upon my training, experience, and participation in aircraft fraud export cases, which have resulted from violation of the Export Administration Regulation and Title 49, I prepared this

Affidavit in support of a criminal complaint charging **Angel Bruno Roldan Cervantes**, hereinafter, CERVANTES, with violating Title 49, United States Code, Section 46306(b)(7), prohibiting anyone who serves or attempts to serve in any capacity as an airman without an airman's certificate authorizing the individual to serve in that capacity; and Title 18, United States Code, Section 1001(a)(3), prohibiting anyone who makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

## **PROBABLE CAUSE**

On September 4, 2020, HRO Special Agents Geoffrey Flowers and Paul Mack detained a BAE Hawker 800 aircraft, bearing tail number N323AA, ("the aircraft"), controlled under ECCN 9A991 and valued at approximately $2,000,000.00, at Houston Hobby Airport. The aircraft was detained based on information from Customs and Border Protection (CBP) that records for the aircraft owner showed foreign ownership without proper documents pursuant to Export Administration Regulations, 50 U.S.C. 4819 (Export Control Reform Act), 13 U.S.C. 305 (Unlawful Export Information Activities), and 18 U.S.C. 554 (Smuggling Goods from the U.S.). These statutes require an export electronic information filing ("EEI" filing), which declares the commodity for export. This particular aircraft was exported from the United States to Mexico in 2018, and therefore required an EEI. No such filing was on record.

On September 4, 2020 Special Agent Paul Mack received notification from Air and Marine Operations Center (AMOC), that the aircraft was departing Adolfo Lopez Mateos Int'l Airport, Toluca, Mexico and arriving at William P. Hobby (HOU) Airport, Houston Texas. SA Mack went to HOU to interview the pilots and check export documents.

Upon the landing of the aircraft, a drug-sniffing dog was brought in to inspect the aircraft. On multiple occasions, the dog "hit" on several locations within the aircraft; however, no narcotics were discovered.

Your affiant interviewed the passengers and pilots of the aircraft. Angel Bruno Roldan Cervantes (CERVANTES), was identified as the Captain of the aircraft.  He only spoke Spanish and therefore CBP Ricardo Rosales interpreted the interview.  CERVANTES provided his unlocked phone to investigators, as well as identification at the beginning of the interview, and gave his phone number ending in 4161.

CERVANTES advised that he has flown this aircraft for about five months, but was not the primary captain of the aircraft.  Diego Galvez was the primary Captain for this aircraft, but could not make it for this flight because he was drunk. CERVANTES and Galvez would often communicate via WhatsApp. CERVANTES stated Galvez was the primary logistical point of contact for the aircraft owner's family, and he would know more about the owner and the aircraft. CERVANTES seemed to know nothing about the owner, his businesses, his planes, or the passengers.

CERVANTES identified the aircraft owner as "Memo" (Guillermo) Calderon. The aircraft is normally hangered in Toluca, Mexico. The reason for the visit to Houston was to drop off Calderon's friend. CERVANTES does not believe they were charged for the flight. The aircraft was not chartered and was only for use by friends and family, such as Calderon's mother, uncle, and friends.

CERVANTES was asked about pictures of stacks of cash found in his phone. Your affiant notes that the photos of large volumes of currency/ cash resembled cash typically proceeds of drug trafficking. CERVANTES stated he believed that thinking and praying about money would bring

it to him. He stated there was an Instagram page called "Millionaires" which showed many of these pictures and he pulled them from that Instagram page.

CERVANTES was asked how much he was paid for the flight, to which he responded he was not paid at all, but that he continues to fly because he just loves flying. He stated he makes money from his family's two taco stands in Mexico City, which bring in about 15,000-20,000 pesos per month ($696-928 USD/month).

CERVANTES was confronted about the seeming incongruity of his thinking about and praying for money while turning down a relatively lucrative income from flying while living on near-poverty wages from the taco stands. CERVANTES was told investigators believed he was lying to them about payment for the flight. On CERVANTES's I-phone, WHATSAPP communication with Memo CALDERON was discussing payment per flight. CERVANTES corrected himself and advised that he had actually been paid 3700 pesos per hour for the flight. CERVANTES was asked for and provided an FAA pilots certificate that would authorized to pilot the aircraft. The certificate provided was sent to the FAA which confirmed that the certificate was fraudulent.

CERVANTES' I-Phone was inspected with permission and contained numerous pictures of piles of cash and had contacts which included U.S. registration aircraft numbers. One of the aircraft with registration N357TC was seized on April 20, 2020, with approximately 1620 kilograms of cocaine, 10 arrests including an active National Police officer, two vehicles and 1 firearm for violation of foreign law concerning narcotics by the Government of Guatemala. Another aircraft with registration N305AG, registered to Aircraft Guaranty Corporation (AGC), resulted in a seizure on January 27, 2020, of the aircraft along with 1700 kilograms of cocaine for violation of foreign law concerning narcotics by the Government of Guatemala.

Our FAA Airman Branch in Oklahoma City, confirmed that they have not received an application for the temporary certificate CERVANES produced to affiant. The last known certificate issued to CERVANTES was in 2009, a foreign-based certificate airplane single engine land, multiengine land and Sabreliner aircraft (N-265) type rating. CERVANTES's certificate was suspended in 2014, for 180 days, but remains in place because never surrendered his certificate. The address on the temporary certificate contained CERVANTES' old address. His address was updated on March 11, 2020, the same day he received his first class medical certificate showing him to be healthy enough to operate the aircraft. FAA advised affiant that CERVANTES is not cleared and does not have a certificate to operate this aircraft as a Pilot in Command. CERVANTES does not hold any type of airman certificate with the FAA to fly any aircraft.

## CONCLUSION

Based upon the above, I submit there is probable cause to believe that Angel Bruno Roldan Cervantes, have knowingly and intentionally violated Title 49, United States Code, Section 46306(b)(7), which prohibits anyone who serves or attempts to serve in any capacity as an airman without an airman's certificate authorizing the individual to serve in that capacity; and Title 18, United States Code, Section 1001(a)(3), prohibiting anyone who makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

Paul Mack, Special Agent
U.S. Department of Commerce
Bureau of Industry and Security

Sworn and subscribed to by telephone on this 16th day of September, 2020, and I find probable cause.

_____
Peter Bray
United States Magistrate Judge